UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANIEL HERBST AND CLARA HERBST,

                Plaintiffs,
   -against-

FIRSTSOURCE ADVANTAGE, LLC.

                Defendant.
-----------------------------------------------------------------X

Civil Action No.:

**JUDGE KARAS**

COMPLAINT

DEMAND FOR JURY TRIAL

'11 CIV 00343

      Plaintiffs DANIEL HERBST and CLARA HERBST ("Plaintiff(s)"), by and through their attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for its Complaint against the Defendant FIRSTSOURCE ADVANTAGE, LLC. ("Defendant" and/or "FSA"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA).

### PARTIES

    2.    Plaintiff Daniel Herbst is a resident of the State of New York, residing at 145 Beacon Hill Dr. Dobbs Ferry, NY 10522 and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

    3.    Plaintiff Clara Herbst is a resident of the State of New York, residing at 145 Beacon Hill Dr. Dobbs Ferry, NY 10522 and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant FSA is a New York Limited Liability Company engaged in business of collecting debts with its principal place of business located at with a business address at 205 Bryant Woods South, Amherst, NY 14228.

5. FSA is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. On information and belief, on a date better known to the Defendant, American Express Company ("AMEX") retained the Defendant FSA to begin collecting an alleged consumer debt from the Plaintiff.

10. On information and belief, on a date better known to the Defendant, Defendant began collecting an alleged consumer debt from the Plaintiff Daniel Herbst by calling the Plaintiff and leaving a voicemail message on Plaintiff's phone on October 29, 2010 ("First Message").

11. On information and belief, on a date better known to the Defendant, Defendant began collecting an alleged consumer debt from the Plaintiff Daniel Herbst by placing a second

call to Plaintiff Clara Herbst and leaving a voicemail message on her cell phone on October 29, 2010 ("Cell Phone Message").

12. Defendant's First Message is the following: "This is a confidential and important message meant solely for Daniel Herbst. The law requires I notify you my name is Natasha and I'm calling you from the office of Firstsource Advantage LLC., a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call toll-free at 877-420-5095 and refer to reference number 17150343. Repeat 17150343. Or visit online at www.fsapay.com. Our office will be open tonight until 10PM Eastern Standard Time. Thank you."

13. Defendant's Cell Phone Message is the following: "This message is for Daniel Herbst. This is Natasha from the office of Firstsource Advantage LLC. It's important that you return my call. You can call me toll-free at 877-420-5095. And refer to reference number 17150343. Repeat 17150343. The office will be open tonight until 10PM Eastern Standard Time. Or you can reach me tomorrow morning at 8AM Eastern Standard Time. Thank you."

14. In or about November 2010, the Plaintiff received a letter from FSA dated November 1, 2010 ("FSA Letter").

15. The FSA Letter to the Plaintiff contains a validation notice with the following language: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request

this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

16. In response to numerous telephone calls and voicemail messages left by the Defendant, Plaintiff Clara Herbst telephoned the Defendant's office on November 16, 2010 and spoke to Defendant's debt collector, servant, and/or agent Dan Hartley ("First Call").

17. Defendant stated to Plaintiff Clara Herbst during the First Call that they were collecting on an AMEX account with an outstanding balance of $11,571.67.

18. Defendant stated to Plaintiff Clara Herbst during the First Call that she was a co-applicant/co-signor on the AMEX account.

19. Defendant stated to Plaintiff Clara Herbst during the First Call that she used a supplementary card and Defendant is calling Plaintiff Clara Herbst to pay the debt because her social security number is associated with the account.

20. Defendant stated to Plaintiff Clara Herbst during the First Call that she could post-date a check for $4,628.66 to be paid by November 26, 2010, approximately 10-11 business days from the First Call, to make payment on the alleged debt.

21. Defendant further stated to Plaintiff Clara Herbst during the First Call that if she paid $4,628.66 by November 26, 2010, or approximately 10-11 business days from the date of the First Call, that collection activities would cease and Plaintiffs name would be removed from the debt.

22. Defendant stated to Plaintiff Clara Herbst during the First Call that Defendant would get the deal approved by AMEX and Defendant would immediately put a stop on other charges like late fees and interest.

23. In response to the First Call with the Defendant, Plaintiff Clara Herbst telephoned the Defendant's office on November 16, 2010 and again spoke to Defendant's debt collector, servant, and/or agent Dan Hartley ("Second Call").

24. Plaintiff Clara Herbst stated to the Defendant during the Second Call: "I don't know why I'm being called to make a payment. I'm not a co-owner on that account and so I have no intention of paying that debt. I do not legally have to pay it unless you can give me some proof that I am a co-owner. I never applied for that account at all."

25. Plaintiff Clara Herbst stated to the Defendant during the Second Call that she is only an authorized user and supplementary cardholder and therefore not liable on the alleged debt.

26. Defendant responded to Plaintiff Clara Herbst by stating that per the agreement on the account, if cardmember Daniel Herbst is not paying the debt, then legally the supplementary cardholder is liable to pay the alleged debt.

27. Plaintiff Clara Herbst again stated to the Defendant during the Second Call that she never made and/or signed such an agreement and further stated to the Defendant that she wants to see proof that she has made and/or signed such an agreement.

28. Defendant responded to Plaintiff Clara Herbst by stating again that her social security number is associated with the account and further demanding that Plaintiff Clara Herbst contact Plaintiff Daniel Herbst to compel him to call Defendant in order to make a payment arrangement with Defendant.

29. Plaintiff Clara Herbst again stated to the Defendant during the Second Call that she would like to see proof in writing that she is a co-applicant/co-signor on the account and liable on the alleged debt.

30. Defendant responded to Plaintiff Clara Herbst by stating that Defendant needs a payment arrangement with Plaintiff in order for Defendant to send Plaintiff anything in writing on the account in question.

31. Plaintiff Clara Herbst stated to the Defendant during the Second Call that she does not intend to make any payment arrangement because it is not her account and further stated she is not legally liable on the alleged debt.

32. Defendant refused to supply any information and responded to Plaintiff Clara Herbst by harassing and abusing her, asking if she was refusing to pay and further pressuring Plaintiff to have Plaintiff Daniel Herbst call FSA and to make a payment arrangement.

33. Plaintiff Clara Herbst again stated to the Defendant during the Second Call that she wants to see written proof that she is a co-applicant/co-signor/co-owner on the alleged account.

34. Defendant responded to Plaintiff Clara Herbst by demanding a fax number.

35. Plaintiff Clara Herbst stated to the Defendant during the Second Call that she does not have a fax number or access to a fax machine but that Defendant could send proof that she is a co-applicant/co-signor/co-owner on the alleged account either by email or mail.

36. Defendant responded to Plaintiff Clara Herbst by stating that the proof requested by Plaintiff could be sent only by fax.

37. Defendant stated to Plaintiff Clara Herbst during the Second Call that this was the last stage of collections.

38. Defendant stated to Plaintiff Clara Herbst during the Second Call that FSA helps cardmembers and supplementary cardholders in the last stage of collections by offering out of

court settlements before the account is pulled back by AMEX and the account is placed on the attorney's desk.

39. Defendant stated to Plaintiff Clara Herbst during the Second Call that FSA that attorney debt collectors and AMEX will only demand payment in full.

40. Defendant again demanded Plaintiff Clara Herbst get in touch with Plaintiff Daniel Herbst to make a payment arrangement.

41. Defendant stated to Plaintiff Clara Herbst during the Second Call that she will remain on the account as a co-applicant and liable on the alleged debt until Plaintiff Daniel Herbst contacts Defendant to make a payment arrangement.

42. Defendant's First Message violated 15 U.S.C. §1692b and §1692c(b) which restricts and prohibits communications with third parties by disclosing the Defendant's identity as a debt collection company and further stating the purpose of the call as an attempt to collect a debt and any information obtained will be used for that purpose to the Plaintiff Daniel Herbst's Mother, Clara Herbst, information regarding a debt collection on a shared voicemail system when the Defendant is prohibited from such contacts.

43. The Defendant's Cell Phone Message failed to give the Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

44. The Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

45. Defendant's Cell Phone Message further violated 15 U.S.C. §1692d-preface and (6) and §1692f-preface and (5) by being deceptive and harassing by placing telephone calls to the Plaintiff without meaningful disclosure of the caller's identity as a debt collector and therefore causing charges to be made to the Plaintiff by concealment of the true purpose of the communication.

46. Alternatively, if discerning location information, The Defendant's Cell Phone Message violated 15 U.S.C. §1692b prohibiting the disclosure of the debt collector's company name, except upon request, by leaving the Cell Phone Message for Plaintiff Clara Herbst identifying Defendant's company name as "Firstsource Advantage, LLC."

47. Defendant's First and Second Calls violated 15 U.S.C. §1692b and 1692c(b) which restricts and prohibits communications with third parties by contacting Plaintiff Clara Herbst in attempt to collect the alleged AMEX debt from her, disclosing the details of the AMEX debt allegedly owed by Plaintiff Daniel Herbst, and further by seeking payment of the debt from her.

48. Defendant's First and Second Calls violated 15 U.S.C. §1692e-preface and (10), §1692d-preface, and §1692f-preface by being deceptive, misleading, harassing, abusive, and unfair in stating to Plaintiff Clara Herbst the details of the AMEX debt allegedly owed by Plaintiff Daniel Herbst, attempting to collect the alleged AMEX debt from her and further by seeking payment of the debt from Plaintiff Clara Herbst, a third party, rather than Daniel Herbst.

49. Defendant's First and Second Calls further violated 15 U.S.C. §1692e-preface and (10), §1692d-preface, and §1692f-preface by being deceptive, misleading, harassing, abusive, and unfair in demanding Plaintiff Clara Herbst pay the alleged debt when she is not the legally

responsible party and further by demanding Plaintiff Clara Herbst contact Plaintiff Daniel Herbst to make him call Defendant to make a payment arrangement.

50. Defendant's First and Second Calls violated 15 U.S.C. §1692e-preface and (10) and §1692f-preface by being deceptive and misleading in lying to Plaintiff Clara Herbst that she is a co-applicant/co-signor on the alleged AMEX account, misrepresenting Plaintiff Clara Herbst's liability on the alleged debt, and inferring responsibility and legal liability on the alleged debt by Plaintiff Clara Herbst because her social security number is associated with the account.

50. Defendant's First and Second Calls and FSA Letter violated 15 U.S.C. §1692e-preface, (2)(A), and (10) by being deceptive and misleading by the Defendant's failure to include a notice explaining the past due account balance, notice that interest charges may vary from day to day, or the balance due has or may increase due to interest.

51. Defendant's First and Second Calls and FSA Letter further violated 15 U.S.C. §1692f-preface and (1) and §1692g by using an unfair and unconscionable means to collect a debt by attempting to collect an incorrect amount due.

52. Defendant's First Call violated 15 U.S.C. §1692e-preface, (2), and (10), §1692f-preface and (1), and §1692g by being deceptive and misleading in stating to Plaintiff "Defendant would immediately put a stop on other charges like late fees and interest and further stating to the Plaintiff that interest would not be added and/or increased."

53. Defendant violated 15 U.S.C. §1692e-preface, (2), (5), and (10) and §1692f– preface by being deceptive and misleading in stating to Plaintiff that she post-date a check for $4,628.66 by November 26, 2010, approximately 10-11 business days from the date of the First Call to Defendant, which is unfair and unconscionable.

54. Defendant violated 15 U.S.C. §1692e-preface, (2), (5), and (10) and§1692f – preface by stating that FSA's collections process is the last stage of collections and further by offering out of court settlements before the account is placed with an attorney and only payment in full is demanded which is deceptive and misleading and serves as an unfair and unconscionable means to collect a debt.

55. Defendant violated 15 U.S.C. §1692e-preface, (2), (5), (8), and (10), §1692g and§1692f –preface by being deceptive and misleading in overshadowing the debt verification and validation period commencing on or about November 1, 2010 by seeking payment within 10-11 business days of the First and Second Calls on November 16, 2010 and further by threatening legal action and AMEX's attorney pursuing the account if not paid beyond the 10-11 business days allowed thus acting unfair and unconscionable.

56. Defendant violated 15 U.S.C. §1692e-preface, (2), (5), and (10), §1692g and§1692f –preface by being deceptive and misleading by seeking payment of $4,628.66 November 16, 2010, within 10-11 business days of the First and Second Calls, and further by attempting to collect the alleged debt from a third party, Plaintiff Clara Herbst.

57. Defendant violated 15 U.S.C. §1692e-preface and (10), §1692g and§1692f – preface by being deceptive and misleading in stating to the Plaintiff that she can only see proof that she is a co-applicant/co-signor and/or have the debt validated in writing if she can provide a fax number to the Defendant thus acting unfair in requiring Plaintiff to have a fax number and/or access to a fax machine where §1692g does not place this requirement on the Plaintiff.

58. Defendant further violated 15 U.S.C. §1692e-preface and (10), §1692g and§1692f –preface by being deceptive and misleading in stating to the Plaintiff that she can only see proof

that she is a co-applicant/co-signor and/or have the debt validated in writing if she makes a payment arrangement on the account thus acting unfair and unconscionable.

60. Defendant violated 15 U.S.C. §1692d-preface, §1692e-preface, (8) and (10), §1692g and§1692f –preface by being deceptive and misleading by continuing to attempt to collect the alleged debt from Plaintiff Clara Herbst despite her repeated requests for debt validation and verification and repeated statements to Defendant that she will not pay the alleged debt until she sees the proof requested and required by §1692g.

61. Defendant violated the FDCPA.

62. Plaintiffs suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's actions.

63. Defendant's disclosure of Plaintiff Daniel Herbst's private information about a debt collection to Plaintiff's Mother, Plaintiff Clara Herbst, caused Plaintiff Daniel Herbst great personal humiliation, embarrassment, mental anguish and emotional distress.

64. Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

65. Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "64" herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692b.

   b. 15 U.S.C. §1692c(b).

  c. 15 U.S.C. §1692d-preface and (6).

  d. 15 U.S.C. §1692e-preface, (2), (5), (8), (10), (11).

  e. 15 U.S.C. §1692f-preface, (1), and (5).

  f. 15 U.S.C. §1692g.

67. As a result of defendant's violations of the FDCPA, Plaintiffs have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND CLAIM FOR RELIEF
### (Violations of NYS Gen. Bus. Law §349)

68. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "67" herein with the same force and effect as if the same were set forth at length herein.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

  a. The Defendant violated NYS Gen. Bus. Law §349(a).

70. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff and the Class have been damaged and are entitled to damages in accordance with the New York General Business Law.

## DEMAND FOR TRIAL BY JURY

71. Plaintiffs demand and hereby respectfully request a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs DANIEL HERBST and CLARA HERBST demand judgment from the Defendant FIRSTSOURCE ADVANTAGE, LLC as follows:

  A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

      B.      For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

      C.      For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

      D.      For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

      E.      A declaration that the Defendant's practices violated the FDCPA; and,

      F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs DANIEL HERBST and CLARA HERBST hereby respectfully request a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

Dated:    New York, New York
             January 10, 2011

Respectfully submitted,

By: _____
Allison D. Polesky, Esq. (5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:   (866) 479-9500
Facsimile: (866) 688-4300
Attorney for the Plaintiffs DANIEL HERBST and CLARA HERBST

To:    FIRSTSOURCE ADVANTAGE, LLC.
       205 Bryant Woods South
       Amherst, NY 14228.
       *(Via Prescribed Service)*

       Clerk,
       United States District Court, Southern of New York
       *(For Filing Purposes)*